UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **MICHELLE MUELLER,** | : |
| Plaintiff, | : Case No.: |
| vs. | : |
| **FAIRFIELD UNIVERSITY,** | : |
| Defendant. | : April 22, 2021 |
| | : Jury Trial Demanded |

## COMPLAINT

Plaintiff, Michelle Mueller, by and through her attorneys, Sabatini and Associates, LLC, complaining of the defendant, respectfully alleges:

## PARTIES

1.  At all times material, plaintiff, Michelle Mueller, was and is a citizen of the State of Connecticut.

2.  At all times material, defendant Fairfield University was and is a Connecticut corporation with a principal place of business located at 1073 North Benson Road, Fairfield, Connecticut 06824

3.  Defendant employs fifteen (15) or more employees.

4.  At all times material, plaintiff was an employee within the meaning of Tile VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

5.  At all times material, defendant was an employer within the meaning of: Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

6.  At all times material, plaintiff was an employee within the meaning of Connecticut's Fair Employment Practices Act.

1

7. At all times material, defendant was an employer within the meaning of Connecticut's Fair Employment Practices Act.

## JURISDICTION AND VENUE

8. The Court has jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 and this action is brought pursuant to: Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, cited as 42 U.S.C. §2000e(k).

9. This Court has personal jurisdiction over the Parties and venue is proper under 28 U.S.C. §1391(b).

10. This Court has supplemental jurisdiction over the state law claims.

## GENERAL ALLEGATIONS

11. Plaintiff is female.

12. Defendant hired plaintiff on or about October 5, 2005.

13. Defendant employed plaintiff.

14. Plaintiff's job position was dispatcher.

15. Plaintiff worked at defendant's campus in Fairfield, Connecticut.

16. Defendant terminated plaintiff's employment on or about May 8, 2019.

17. Defendant employs David Currier.

18. Currier's job title is Sergeant.

19. Currier is a supervisory employee.

20. Currier supervised plaintiff.

21. Defendant employs Peter Baird.

22. Baird is a supervisory employee.

23. Baird's job title is Sergeant.

24. Defendant employed John Ritchie.

25. Ritchie was a supervisory employee.

26. Defendant employs Frank Ficko.

27. Ficko is a supervisory employee.

28. Ficko's job title is Assistant Director.

29. Defendant, by and through its employees, including Currier, subjected plaintiff to a hostile work environment.

30. Plaintiff was harassed based on sex.

31. The sex harassment was severe or pervasive.

32. Defendant, by and through Sergeant Alex Krshiesezki, referred to plaintiff as a "fucking clown".

33. Defendant, by and through Sergeant Alex Krshiesezki, referred to plaintiff as a "fucking horrible mother" and "you need to get out of your kids life."

34. Defendant employed Al Christie.

35. Christie came into the dispatch room one night and asked plaintiff to look at his knee.

36. Christie then proceeded dropped his pants, showing his boxer shorts.

37. Plaintiff got upset and cried.

38. About one-half hour later, Currier walked into the room and sat down. He put his feet up on the desk and said "you know Michelle, I'd like to take you out one night and get you drunk. I know how to make a woman feel good about herself."

39. Defendant's former employees, Darren Elderton and Richard Santiago, witnessed Currier's comment as described in the above paragraph.

40. Plaintiff told Currier that she did not like those things and had kids at home.

41. In 2014, former Assistant Director John Ritchie yelled out in the workplace "Mueller, are you a lesbian?"

42. Plaintiff asked Ritchie why he would ask her that and Ritchie replied "why are you looking at pictures of women?"

43. Plaintiff replied: "I am picking out a new hairstyle."

44. On November 1, 2018, Currier asked plaintiff about when she shaved her legs how felt like afterwards.

45. On November 2, 2018, Complainant had lost a $20 bill.

46. Complainant asked if anyone found the $20 bill in the parking lot and Currier remarked "let me pat you down."

47. The sex harassment went on for years and was continuing.

48. On or about November 8, 2018, plaintiff attended the department's monthly staff meeting.

49. There was a guest speaker at the meeting – Dr. Scott Esposito.

50. The subject of Dr. Esposito's talk was sexual harassment and hostile work environment.

51. Plaintiff got upset during the meeting.

52. Goodwin commented that everyone needed to be treated with respect and no one should come to work with a feeling of dread.

53. Plaintiff began crying during Goodwin's remarks.

54. Plaintiff told Sergeant Mike Santos (employed by defendant) that she could not take it anymore and proceeded to get up and leave the meeting.

55. A few minutes later, Sergeant Peter Baird (employed by defendant) met plaintiff at her vehicle.

56. Plaintiff explained to Baird what was occurring to her on her shift with Currier and Adam Kostuk. She explained how she was not spoken to with respect; accused of not doing her job properly; and being questioned about work breaks.

57. On November 9, 2018, plaintiff met with Ficko and informed him about the sex harassment.

58. Currier found out about plaintiff's complaint to Ficko.

59. Currier was angry that plaintiff complained and confronted plaintiff about the fact that she complained.

60. In April 2019, defendant's employee Jared Blanchard told plaintiff on multiple occasions the following exchanges he had with Currier.

61. Currier would say to Blanchard why he would work the midnight shift.

62. Blanchard would tell Currier that plaintiff would not give up her midnight shift.

63. Currier would respond: "don't worry about Michelle, I'll take care of that."

64. Plaintiff would take bathroom breaks.

65. Defendant would tell plaintiff to pee in a can.

66. Any and all excuses to be offered by defendant to explain the termination decision would be a pretext to cover up unlawful retaliation and/or gender discrimination.

67. Defendant treated plaintiff unfavorably and unfairly when compared to similarly situated male employees.

68. Defendant subjected plaintiff to a continuing course of sex harassment and gender discrimination that took place over the course of years.

69. The sexual harassment was severe or pervasive

70. The sexual harassment was unwelcomed by the plaintiff.

71. On or about August 22, 2020, plaintiff filed a complaint against the defendant with the EEOC.

72. On or about August 22, 2020, plaintiff filed a complaint against the defendant with the CHRO.

73. Plaintiff received a right to sue letter from the EEOC on or about March 31, 2021. (Exhibit 1).

74. Plaintiff received a release of jurisdiction form the CHRO on or about February 23, 2021 (Exhibit 2).

**First Count – Sexual Harassment in Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e et sq.**

1. Plaintiff re-alleges and re-avers the paragraphs above as if fully rewritten herein.

75. The acts and/or omissions of the defendants, by and through their employees, as described in this Complaint constitute sexual harassment within the meaning of Title VII of the Civil Rights Act of 1964.

76. Plaintiff subjectively, reasonably and objectively perceived her work environment to be hostile.

77. The sexual harassment was sufficiently severe or pervasive to alter the terms and conditions of plaintiff's employment and to create an intimidating, hostile, abusive and/or offensive working environment.

78. The sexual harassment took place over a course time and leading up to plaintiff's termination thereby constituting a continuing violation of the law.

79. As a direct and proximate result of the hostile work environment harassment, plaintiff suffered economic and non-economic harms and losses including severe emotional distress.

**Second Count - Quid Pro Quo Sexual Harassment in Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e et sq.**

1. Plaintiff re-alleges and re-avers the paragraphs set forth above as though fully rewritten herein.

80. Plaintiff was subjected to unwelcomed sexual advances that were sexually motivated because of her gender.

81. Submission to Currier's unwelcomed sexual advances was implicitly a term or condition of plaintiff's ongoing employment with the defendants.

82. Plaintiff's rejection of the sexual advances affected a tangible aspect of her employment – in other words, that were it for plaintiff's rejection of the advances, she would not have been terminated.

83. Plaintiff's rejection of the advances was a motivating factor in the termination decision.

84. Plaintiff suffered economic and non-economic harms and losses because of the quid pro quo sexual harassment.

**Third Count – Retaliation in Violation of Title VII**

1. Plaintiff re-alleges and re-avers the paragraphs set forth above as though fully rewritten herein.

85. Defendant, by and through its agents, servants, and/or employees, violated Title VII in one or more of the following ways:

   a. In that defendant retaliated against the plaintiff for reporting and opposing sexual

harassment in the workplace;

86.     As a result of defendant's retaliation, plaintiff suffered damages including: loss of income, loss of employment, wages and employee benefits, and harm to her professional reputation.

87.     As a further result of defendant's retaliation, plaintiff has suffered severe humiliation, embarrassment, and emotional distress.

88.     Plaintiff has suffered and will continue to suffer injuries as a result of defendant's retaliatory acts.

**Fourth Count – Gender Discrimination in Violation of Title VII**

1.     Plaintiff re-alleges and re-avers the paragraphs set forth above as though fully rewritten herein.

85.     Defendant, by and through its agents, servants, and/or employees, violated Title VII in one or more of the following ways:

a.     In that defendant discriminated against the plaintiff on the basis of her gender;

86.     As a result of defendant's discrimination, plaintiff suffered harms and losses including: loss of income, loss of employment, wages and employee benefits, and harm to her professional reputation.

87.     As a further result of defendant's retaliation, plaintiff has suffered severe humiliation, embarrassment, and emotional distress.

88.     Plaintiff has suffered and will continue to suffer injuries as a result of defendant's retaliatory acts.

**Fifth Count - Retaliation in Violation of C.G.S. §46a-60(b)(4) et seq.**

1. Plaintiff repeats and re-alleges the allegations set forth above in Paragraphs 1 through 88 as though fully set forth herein.

89. Defendant, by and through its agents, servants, and/or employees, violated the C.G.S. §46a-60(b)(4) et seq. in one or more of the following ways:

90. In that defendant retaliated against the plaintiff for reporting and opposing sexual harassment and gender discrimination in the workplace.

91. As a result of defendant's retaliation, plaintiff suffered damages including: loss of income, loss of employment, wages and employee benefits, and harm to her professional reputation.

92. As a further result of defendant's retaliation, plaintiff has suffered severe humiliation, embarrassment, and emotional distress.

93. Plaintiff has suffered and will continue to suffer injuries as a result of defendant's retaliatory acts.

**Sixth Count – Gender Discrimination in Violation of C.G.S. §46a-60(b)(1)**

1. Plaintiff re-alleges and re-avers the paragraphs set forth above as though fully rewritten herein.

94. Defendant, by and through its agents, servants, and/or employees, violated the CFEPA in one or more of the following ways:

   a. In that defendant discriminated against the plaintiff on the basis of her gender;

95. As a result of defendant's discrimination, plaintiff suffered harms and losses including: loss of income, loss of employment, wages and employee benefits, and harm to her professional reputation.

96. As a further result of defendant's retaliation, plaintiff has suffered severe humiliation, embarrassment, and emotional distress.

97. Plaintiff has suffered and will continue to suffer injuries as a result of defendant's retaliatory acts.

**Seventh Count – Negligent Supervision**

1. Plaintiff repeats the allegations in paragraphs 1 through 97 above as if fully incorporated herein.

98. Defendant, by and through, its officers, directors, supervisors, managers, agents, and/or employees knew or in the exercise of reasonable care should have known that its employees were sexually harassing plaintiff in their workplace.

99. Defendant, by and through, its officers, directors, supervisors, managers, agents, and/or employees knew or in the exercise of reasonable care should have known that plaintiff's supervisor was unfit to supervise the plaintiff or any other employee.

100. Defendant, by and through, its officers, directors, supervisors, managers, agents, and/or employees knew or in the exercise of reasonable care should have known that its employees had engaged in a pattern and practice of sexual harassment.

101. Defendant knew or the in the exercise of reasonable care should have known that the employees harassing plaintiff needed to be closely monitored and supervised at all times.

102. By failing to properly and adequately supervise, monitor, and observe the employees, by failing to alert or warn others of the employees' unlawful and inappropriate conduct, and by condoning rather than condemning the inappropriate and unlawful conduct, the defendant failed to protects its employees, including the plaintiff, from the illegal misconduct.

103. Defendant knew or should have known that the employees were unfit to work in

the same workplace as the plaintiff and that the unfitness was likely to cause the type of harm suffered by the plaintiff.

104. Defendant failed to take action with regards to preventing the sexual harassment being committed by its employees.

105. Defendant failed to have proper and adequate workplace policies, rules and practices in place to prevent employees from being subjected to sexual harassment in the workplace.

106. Defendant failed to provide proper and adequate notification to its employees of their employee rights including the right to work in a workplace free from sexual harassment.

107. Defendant failed to properly train its employees on the subject of sex harassment in the workplace.

108. By failing to take action, plaintiff sustained damages harms and losses.

**Eighth Count – Negligent Retention**

1. Plaintiff repeats the allegations in paragraphs 1 through 108 above as if fully incorporated herein.

109. Defendant, by and through, its officers, directors, supervisors, managers, agents, and/or employees knew or in the exercise of reasonable care should have known that its employees were sexually harassing plaintiff.

110. Defendant, by and through, its officers, directors, supervisors, managers, agents, and/or employees knew or in the exercise of reasonable care should have known that the harassing employees were unfit work with the plaintiff in the same workplace.

111. Defendant, by and through, its officers, directors, supervisors, managers, agents, and/or employees knew or in the exercise of reasonable care should have known that employees

had engaged in a pattern and practice of sexual harassment.

112. Defendant knew or the in the exercise of reasonable care should have known that the harassing employees should no longer have been retained.

113. Defendant knew or should have known that the harassing employees were unfit for the workplace and that the unfitness was likely to cause the type of harm suffered by the plaintiff.

114. Despite said knowledge, defendant continued to retain the harassing employees and thereby causing the plaintiff harm and losses.

**Ninth Count - Intentional Infliction of Emotional Distress**

1. Plaintiff repeats and re-alleges the allegations set forth above in Paragraphs 1 through 114 of the Fourth Count as though fully set forth herein.

115. Defendant, by and through its employees, intended to cause the plaintiff emotional distress.

116. Defendant's conduct was extreme and outrageous.

117. Defendant's conduct amounted to gross bullying of the plaintiff.

118. The actions of the defendant did cause the plaintiff to suffer severe emotional distress.

## DEMAND FOR RELIEF

WHEREFORE, plaintiff prays for appropriate damages including: compensatory damages; damages for back pay, front pay, bonuses, personal days, lost pension/retirement benefits, emotional distress; punitive damages; reasonable attorneys' fees; costs; interest; job reinstatement; prejudgment interest; for an injunction requiring the removal of any and all adverse information contained in plaintiff's personnel file; for a trial by jury; and for all other just and proper relief.

DATE: April 22, 2021

*James Sabatini*
James V. Sabatini, Esq.
Fed. No.: CT 19899
SABATINI AND ASSOCIATES, LLC
1 Market Square
Newington, CT 06111
Tel. No.: (860) 667-0839
Fax No.: (860) 667-0867
Email: jsabatini@sabatinilaw.com

ATTORNEY FOR PLAINTIFF

# EXHIBIT 1



EEOC Form 161 (11/2020)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Michelle Mueller<br>130 Rockton Avenue<br>Bridgeport, CT 06606 | From: | Boston Area Office<br>John F. Kennedy Fed Bldg<br>15 New Sudbury Street, Room 475<br>Boston, MA 02203 |
|---|---|---|---|

[ ]   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16A-2019-01697 | Amon L. Kinsey, Jr.,<br>Supervisory Investigator | (617) 865-3672 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ]   The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

[ ]   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[X]   Other *(briefly state)*     **Charging Party is pursuing claims in another forum.**

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*[signature]*                 March 31, 2021

Enclosures(s)       **Feng K. An,**
                  **Area Office Director**         *(Date Issued)*

cc:

FAIRFIELD UNIVERSITY       James V. Sabatini, Esq.
1073 N Benson Road           SABATINI AND ASSOCIATES
Fairfield, CT 06824             One Market Square
                                       Newington, CT 06111

# EXHIBIT 2

## STATE OF CONNECTICUT
## COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

Michelle Mueller
COMPLAINANT

CHRO No. 2020093

vs.

EEOC No. 16A-2019-01697

Fairfield University
RESPONDENT

### RELEASE OF JURISDICTION

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint. The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred, in which the Respondent transacts business or in which the Complainant resides. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action brought pursuant to this release must be served on the Commission at ROJ@ct.gov or at 450 Columbus Blvd., Suite 2, Hartford, CT 06103 at the same time all other parties are served. Electronic service is preferred. **THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

DATE: February 23, 2021

Tanya A. Hughes, Executive Director

mrm
Service:
Complainant: Michelle Mueller, mjmueller1215@gmail.com
Complainant's Counsel: James V. Sabatini, jsabatini@sabatinilaw.com
Respondent's Attorney: Leander Dolphin, ldolphin@goodwin.com
Christopher Engler, cengler@goodwin.com